**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | | |
|---|---|---|
| STEPHEN EDWARD GLASSER, | : | **CIV. NO. 18-17623 (RMB)** |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| TRACEY SHIMONIS-KAMINSKI, | : | |
| Administrator and JANE DOE, | : | |
| Nurse, | : | |
| | : | |
| Defendants | : | |

**BUMB, DISTRICT JUDGE**

Plaintiff Stephen Glasser, a prisoner confined in Mid-State Correctional Facility in Wrightstown, New Jersey, brings this civil rights action under 42 U.S.C. § 1983. (Compl., ECF No. 1.) Plaintiff filed an application to proceed *in forma pauperis* ("IFP") (ECF No. 1-1) but it is incomplete. 28 U.S.C. § 1915(a) provides, in relevant part,

> (a)(1) Subject to subsection (b), any court of the United States may authorize the commencement … of any suit … without prepayment of fees … by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees …. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action … without prepayment of fees … in addition to filing the affidavit filed under paragraph (1), shall submit a certified copy of the

trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff did not submit the affidavit described in § 1915(a)(1) and his six-month trust account statement is not certified by the appropriate prison official.

Furthermore, Federal Rule of Civil Procedure 11(a) requires that pleadings be "signed by at least one attorney of record in the attorney's name--or by a party personally if the party is unrepresented…. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." Plaintiff placed an electronic signature on his Complaint. Only those with permission to file electronically may use an electronic signature. See Local Civil Rule 5.2. Pro se incarcerated parties are not eligible to file electronically using the "Case Management/Electronic Case Filing" System ("ECF"). Id.

The Court will therefore administratively terminate this action. Plaintiff may reopen this matter if he timely submits a properly completed IFP application or pays $400.00 for the filing and administrative fees and submits a signed complaint. Plaintiff should be aware that a grant of IFP status requires payment of the $350.00 filing fee in installments, if available in the prisoner's

trust account, regardless of whether the Complaint is dismissed. See U.S.C. § 1915(b)(1).

When a prisoner is permitted to proceed without prepayment of the filing fee or when the prisoner pays the filing fee for a civil action regarding prison conditions and seeks redress from a governmental entity, officer or employee of a governmental entity, 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) require courts to review the complaint and *sua sponte* dismiss any claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.[1] For the reasons stated below, the Court would dismiss the claims against Administrator Shimonis-Kaminski upon screening under 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1) for failure to state a claim.

I.   *Sua Sponte* Dismissal

Courts must liberally construe pleadings that are filed *pro se*. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). Thus, "a *pro se* complaint,

---

[1] Conclusive screening is reserved until the Complaint is signed and the filing fee is paid or IFP status is granted. See Izquierdo v. New Jersey, 532 F. App'x 71, 73 (3d Cir. 2013) (district court should address IFP application prior to conclusive screening of complaint under 28 U.S.C. § 1915(e)(2)).

however inartfully pleaded, must be held to 'less stringent standards than formal pleadings drafted by lawyers.'" Id. (internal quotation marks omitted). "Court personnel reviewing *pro se* pleadings are charged with the responsibility of deciphering why the submission was filed, what the litigant is seeking, and what claims she may be making." See Higgs v. Atty. Gen. of the U.S., 655 F.3d 333, 339-40 (3d Cir. 2011) (quoting Jonathan D. Rosenbloom, Exploring Methods to Improve Management and Fairness in Pro Se Cases: A Study of the Pro Se Docket in the Southern District of New York, 30 Fordham Urb. L.J. 305, 308 (2002)).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id.

Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002).

II.  DISCUSSION

A.  The Complaint

Plaintiff alleges the following facts in his Complaint, accepted as true for purposes of screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) and 42 U.S.C. § 1997e(c)(1). On August 21, 2018, Plaintiff was sleeping in his assigned top bunk in housing unit 5-East in Mid-State Correctional Facility. (Compl., ECF No. 1, ¶4b.) He fell out of his bunk, five feet off the ground, and landed face first on the concrete floor. (Id.) A unidentified nurse, named here as a "Jane Doe" defendant, responded to Plaintiff's cell and escorted him to the medical clinic waiting area. (Id.) After assessing his injuries, Jane Doe escorted Plaintiff to a holding cell but did not begin treating Plaintiff's injuries for another thirty minutes. (Id.) Jane Doe cleaned the

blood from Plaintiff's face and asked if he believed his jaw was broken and he responded that he believed it was. (Id.)

Jane Doe stopped treating Plaintiff's injuries because she believed Plaintiff was being rude. (Id.) Plaintiff continued to lose blood and alleges that he could have bled out while waiting for emergency treatment. (Compl., ECF No. 1, ¶4b.) Later that day, Jane Doe called the Garden State Youth Correctional Facility infirmary to ask for medical advice. (Id.) This delayed emergency treatment while Plaintiff continued to bleed profusely. (Id.)

Plaintiff also names as a defendant Tracey Shimonis-Kaminski, Administrator of Mid-State Correctional Facility. Plaintiff alleges, "[t]his person is the administrator so she has the authority to change policy within the facility. There has been several inmates that have fallen out of bed from the top bunk that were injured." (Compl., ECF No. 1, ¶4b.) Plaintiff attached his medical and dental records as exhibits to the Complaint. (Id.) He describes his injuries as (1) fractured jaw in three places; (2) fractured cheek bones; (3) nerve damage; (4) 7-10 cracked, chipped teeth; (5) stitches on lip and chin, and (5) sprained ring finger on left hand. (Compl., Exhibit, ECF No. 1-1 at 1.) Plaintiff seeks monetary damages for relief and "to make sure that this never happen[s] to any other inmate at this facility." (Compl., ECF No. 1, ¶7.)

C.    Section 1983 Claims

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1998); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

1.    Eighth Amendment Deliberate Indifference to Serious Medical Need Claims

"Only 'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation." Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (quoting White v. Napoleon, 897 F.2d 103, 108–09

7

(3d Cir. 1990) (quoting Estelle v. Gamble, 429 U.S. 97, 10 (1976)
(quoting Gregg v. Georgia, 428 U.S. 153 (1976)). Allegations of
malpractice or disagreement as to the proper medical treatment are
insufficient to establish a constitutional violation. Id.

Deliberate indifference to serious medical needs in violation
of the Eighth Amendment's ban on cruel and unusual punishment may
be shown where a medical professional intentionally inflicts pain
on a prisoner or where a prison authority denies a reasonable
request for medical treatment, exposing an inmate to undue
suffering or threat of tangible residual injury or "where
'knowledge  of the need for medical care [is accompanied by the]
... intentional refusal to provide that care.'" Spruill, 372 F.3d
at 235 (quoting Ancata v. Prison Health Servs., 769 F.2d 700, 704
(11th Cir. 1985) (alterations in original)). A serious medical
need is "one that has been diagnosed by a physician as requiring
treatment or one that is so obvious that a lay person would easily
recognize the necessity for a doctor's attention." Monmouth Cty.
Corr. Inst. Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987)
(quoting Pace v. Fauver, 4279 F.Supp. 456, 458 (D.N.H. 1979) aff'd
649 F.2d 860 (3d Cir. 1981).

Plaintiff's fractured bones and teeth constitute a serious
medical need and his profuse bleeding obviously required a doctor's
attention. Nurse Jane Doe assessed and treated Plaintiff's

8

injuries but he disagrees with how she treated his injuries and with the delay in taking him to a hospital. Disagreement with medical treatment or allegations of negligence do not rise to the level of deliberate indifference to a serious medical need. Turner v. Leggett, 421 F. App'x 129, 131-32 (3d Cir. 2011).

A prison official may violate the Eighth Amendment if he/she delays necessary medical care to an inmate based on a non-medical reason. Small v. Visinsky, 386 F. App'x 297, 299 (3d Cir. 2010). Plaintiff's allegation that Jane Doe delayed treating his profuse bleeding based on a non-medical reason, that Plaintiff was behaving rudely, rises to the level of deliberate indifference to a serious medical need. The allegation of malpractice, that Jane Doe had to seek medical advice because she did not know what to do, does not rise to the level of constitutional violation.

If Plaintiff reopens this matter by submitting a signed complaint and a properly completed IFP application establishing his eligibility to proceed IFP, the Court would permit only the claim that Jane Doe stopped treating his profuse bleeding because she thought he was behaving rudely. If Plaintiff can allege additional facts in support of his claim/claims against Jane Doe, he may file an amended complaint. Before the Complaint can be served, Plaintiff will have to discover the identity of "Jane Doe" and amend the Complaint.

2.   Eighth Amendment Inadequate Conditions of
     Confinement Claim

Construing the Complaint liberally, Plaintiff alleges Ms.
Shimonis-Kaminiski, the administrator of Mid-State Correctional
Facility, violated the Eighth Amendment by assigning him to sleep
in a top bunk in a cell with a concrete floor. Prison conditions
are subject to scrutiny under the Eighth Amendment. Helling v.
McKinney, 509 U.S. 25, 31-32 (1993). Prison officials may be liable
under the Eighth Amendment for deliberate indifference to an
inmate's exposure to a condition that poses an unreasonable risk
of serious damage to health or safety. Id. at 35. This claim
entails proof of an objective and subjective element. Id.

The objective element of an Eighth Amendment condition of
confinement claim "requires more than a scientific and statistical
inquiry into the seriousness of the potential harm and the
likelihood that such injury to health will actually be caused" by
the unsafe condition." Id. at 36. It also requires a court to
assess whether society considers the risk that the prisoner
complains of to be so grave that it violates contemporary standards
of decency to expose *anyone* unwillingly to such a risk. Id.
(emphasis in original).

10

> [A] prison official cannot be found liable
> under the Eighth Amendment for denying an
> inmate humane conditions of confinement unless
> the official knows of and disregards an
> excessive risk to inmate health or safety; the
> official must both be aware of facts from
> which the inference could be drawn that a
> substantial risk of serious harm exists, and
> he must also draw the inference.

Farmer v. Brennan, 511 U.S. 825, 837 (1994).

Plaintiff alleges Shimonis-Kaminiski "has the authority to change policy within the facility." (Compl., ECF No. 1, ¶4b.) He also alleges that several inmates have fallen out of top bunks and have been injured. (Id.) The inference Plaintiff raises is that Shimonis-Kaminiski should have instituted a policy designed to prevent inmates from falling out of the top bunks onto the concrete floor. These facts are insufficient to raise a claim of deliberate indifference to an unreasonable risk of serious damage to Plaintiff's health for several reasons.

First, sleeping in a top bunk over a concrete floor generally does not pose a risk that is "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." Mikell v. Harry, No. 1:16-CV-2254, 2018 WL 501000, at *4 (M.D. Pa. Jan. 22, 2018) ("Sleeping in a bunk bed without guardrails does not violate contemporary standards of decency, and thus, does not constitute cruel and unusual punishment under the Eighth Amendment") (citing Green v. Fisher, No. 12-0982, 2015 WL

11

6473780, at *12 (M.D. Pa. Nov. 19, 2014) and Brown v. Pastrana, 446 F. App'x 270, 272 (11th Cir. 2011)).

Second, Plaintiff has not alleged how many similar incidents of inmates falling out of a top bunk and sustaining serious injuries occurred within what time-frame. Without such allegations, the Complaint does not create an inference that Shimonis-Kaminski knew of the likelihood that an inmate would fall out of a top bunk and sustain serious injuries but failed to do anything.

Third, Plaintiff has not proposed a specific policy that Shimonis-Kaminiski should have put in place to prevent serious injuries from inmates falling out of top bunks. "'[V]ague assertions' of policy or custom are not sufficient to impose liability." Buoniconti v. City of Philadelphia, 148 F. Supp. 3d 425, 438 (E.D. Pa. 2015) (quoting Groman v. Township of Manalapan, 47 F.3d 628, 637 (3d Cir. 1995); see also City of Oklahoma City v. Tuttle, 471 U.S. 808, 822 (1985) (explaining that the policy upon which a plaintiff relies cannot be "nebulous" or "removed from the constitutional violation")). Plaintiff has not stated an Eighth Amendment claim against Shimonis-Kaminski. If Plaintiff can allege additional facts in support of such a claim, he may submit an amended complaint.

      3.   New Jersey State Law Claims

12

Plaintiff has not expressly raised any state law claims. If Plaintiff intended to allege medical malpractice against Nurse Jane Doe under New Jersey state law, he should be advised that New Jersey imposes a pre-suit claim presentation requirement. See New Jersey Tort Claims Act ("NJTCA") § 59:8-3 *et seq.* (claims for damages against public entities and public employees). The same rule applies to any negligence claims under New Jersey state law against Administrator Shimonis-Kaminiski. If Plaintiff wishes to bring state law negligence claims, he should submit an amended complaint that establishes his compliance with the presentation requirements of NJTCA § 59:8-3 *et seq.*

III. MOTION TO APPOINT PRO BONO COUNSEL

Plaintiff submitted a motion to appoint pro bono counsel pursuant to 28 U.S.C. § 1915(e)(1), which provides "[t]he court may request an attorney to represent any person unable to afford counsel." There is no statutory right to appointed counsel in a civil action, although district courts have broad discretion to request an attorney to represent an indigent civil litigant. Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993). First, however, Plaintiff must establish his financial eligibility to proceed *in forma pauperis*. Then, the court must consider, as a threshold matter, that the complaint has some merit in law and fact. Id. at 155.

The deficiencies in Plaintiff's IFP application and Complaint preclude appointment of counsel at this time. The Court will dismiss the motion to appoint pro bono counsel without prejudice.

IV. CONCLUSION

For the reasons stated above, the Court will administratively terminate this action subject to reopening. If Plaintiff wishes to avoid dismissal of the § 1983 claim against Shimonis-Kaminiski or plead additional facts in support of his claim(s) against Jane Doe, he will be permitted to file an amended complaint. The Court will also deny Plaintiff's motion to appoint pro bono counsel without prejudice.


An appropriate Order follows.

DATE: March 29, 2019

> s/Renée Marie Bumb
> **RENÉE MARIE BUMB**
> **United States District Judge**