**Jeffrey D. Smith, Esq.**
**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
61 South Paramus Road, Suite 250
Paramus, New Jersey 07652
Tel: (201) 928-1100

*Attorneys for Plaintiff, Stephen Edward Glasser Jr.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN EDWARD GLASSER, JR.<br><br>         Plaintiff,<br>v.<br><br>MID-STATE CORRECTIONAL FACILITY; STATE OF NEW JERSEY; NEW JERSEY DEPARTMENT OF CORRECTIONS; TRACEY SHIMONIS-KAMINSKI, SADE BISHOP, JOHN DOES (1-5) (fictitious names of unknown individuals) and ABC COMPANIES (1-5) (fictitious names of unknown entities).<br><br>         Defendant(s) | CASE NO.: 1:18-cv-17623-RMB-AMD<br><br>CIVIL ACTION<br><br>**FIRST AMENDED COMPLAINT** |

Plaintiff, Stephen E. Glasser, Jr., is a state prisoner currently incarcerated at Mid-State Correctional Facility, 8401 Range Road, Wrightstown, New Jersey 08562 (hereinafter "Plaintiff"), by way of First Amended Complaint against Defendants Mid-State Correctional Facility, State of New Jersey, New Jersey Department of Corrections, Tracey Shimonis-Kaminski, Sade Bishop, John Does (1-5)(fictitious names of unknown individuals) and ABC Companies (1-5)(fictitious names of unknown entities), states as follows:

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act pursuant to 42 U.S.C § 1983 and the Eighth and Fourteenth Amendments to the United States

Constitution, wherein Plaintiff seeks to redress deprivations by Defendants Mid-State Correctional Facility, State of New Jersey, New Jersey Department of Corrections, Tracey Shimonis-Kaminski, Sade Bishop, and unknown named Defendants John Does 1 - 5 and Defendants ABC COMPANIES 1 - 5.

2. Jurisdiction of this Court is invoked under 28 U.S.C. §§ 1331, and 1343 and the aforementioned statutory and constitutional provisions. Plaintiff further invokes the supplemental jurisdiction of this Court to hear and decide claims arising under state law.

3. At all times mentioned herein, Defendants were acting under color of state law, or rights secured to plaintiff by the Eighth and Fourteenth Amendments to the United States Constitution and the laws of the United States.

4. This court has supplemental jurisdiction over those claims asserted under state law by virtue of 28 U.S.C. Section 1367.

5. Venue is founded in this judicial district upon 28 U.S.C § 1391 as the acts complained of arose in this district.

## THE PARTIES

6. Plaintiff, Stephen E. Glasser, Jr. is an inmate of the New Jersey Department of Corrections at the Mid-State Correctional Facility.

7. Upon information and belief, Defendant, New Jersey Department of Corrections is a State Agency that operates and manages multiple facilities throughout the State of New Jersey.

8. Upon information and belief, Defendant, State of New Jersey, operates and manages the New Jersey Department of Corrections.

9. Upon information and belief, Defendant, Mid-State Correctional Facility at all times relevant herein, was a state-run facility under the laws of the State of New Jersey, operated and

managed by the New Jersey Department of Corrections located at 8401 Range Road, Wrightstown, New Jersey 08562.

10. Upon information and belief, Defendant, Tracey Shimonis-Kaminski at all times relevant herein, is an Administrator at Mid-State Correctional Facility, a corporation under the laws of the State of New Jersey located at 8401 Range Road, Wrightstown, New Jersey 08562. She is alleged to have been acting, at all times relevant to this case, in both her individual and official capacities and under the color of state law within the meaning of 42 USC § 1983.

11. Upon information and belief, Defendant, Sade Bishop at all times relevant herein, is a Licensed Practical Nurse at Mid-State Correctional Facility, a corporation under the laws of the State of New Jersey located at 8401 Range Road, Wrightstown, New Jersey 08562. She is alleged to have been acting, at all times relevant to this case, in both her individual and official capacities and under the color of state law within the meaning of 42 USC § 1983.

12. Defendants John Does 1-5 are and/or were employees of the entity Defendants at all times relevant in this action and whose names are presently unknown. These Defendants are alleged to have been acting, at all times relevant to this case, in both their individual and official capacities and under the color of state law within the meaning of 42 USC § 1983.

13. Defendants ABC Companies 1-5 are fictitious sole proprietorships, companies limited liability companies, partnerships, state agencies and/or other companies/entities which are unknown to Plaintiff at this time, but which may be identified during discovery in this matter and which are responsible to Plaintiff for the claims set forth herein.

## GENERAL ALLEGATIONS

14. Plaintiff, Stephen E. Glasser, Jr. at all relevant times, was and is currently incarcerated at the New Jersey Department of Corrections, Mid-State Correctional Facility.

15. Plaintiff, Stephen E. Glasser, Jr. was initially placed on a bottom bunk due to the side effects of the prescribed medication he was on.

16. At some point in time prior to August 21, 2018, Plaintiff was relocated to a top bunk to accommodate another prisoner despite needing to remain on the bottom bunk due to the side effects of his prescribed medications that cause restlessness and drowsiness putting inmate at high risk for falls and falling out of bed.

17. On August 21, 2018, Plaintiff was involved in an incident where he fell off of his top bunk while he was sleeping and hit his face on the floor, causing severe injuries.

18. On August 21, 2018, Sade Bishop attempted to clean some of Plaintiff's wounds sustained in the fall and while Plaintiff was in excruciating pain and continued to bleed profusely, Ms. Bishop placed Plaintiff in a holding cell to call other facilities to inquire about the proper protocols and procedure for this type of incident.

19. As a result of the August 21, 2018 incident, Plaintiff was found to have a fractured jaw in 3 places requiring 6 screws, 3 wires(plates), fractured cheek bones, nerve damage (may be permanent), 7-10 teeth cracked or chipped, one molar removed, stiches on lower left lip (inside and outside), stiches on the lower chin, a sprained ring finger, bruising and scarring.

**FIRST COUNT**
**(Violation of Civil Rights [42 U.S.C. § 1983]**
**Eighth Amendment Deliberative Indifference)**

20. Plaintiff hereby incorporates and realleges all prior paragraphs of this Amended Complaint as though fully set forth herein.

21. Defendant, New Jersey Department of Corrections consciously disregarded Plaintiff's high risk of falling out of bed by failing to place Plaintiff in a bottom bunk and failing to put in place fall precautions in violation of Plaintiff's Eighth Amendment rights.

22. Defendant, Mid-State Correctional Facility consciously disregarded Plaintiff's high risk of falling out of bed by failing to place Plaintiff in a bottom bunk and failing to put in place fall precautions in violation of Plaintiff's Eighth Amendment rights.

23. Defendant, Tracey Shimonis-Kaminski at all times relevant to this case, acted in her individual capacity and under the color of state law, with deliberate indifference to Plaintiff's serious medical needs by failing to make sure that Plaintiff was placed on a lower bunk in the sleeping quarters.

24. Defendant Shimonis-Kaminski consciously disregarded Plaintiff's rights by failing to enact and/or implement a policy to reduce the number of inmates who sustain injuries after falling from bed, and failing to make sure staff is properly trained regarding the proper procedure during emergencies such as the incident that occurred with Plaintiff on August 21, 2018.

25. Defendant, Sade Bishop at all times relevant to this case, acted in her individual capacity and under the color of state law, with deliberate indifference to Plaintiff's serious medical needs by failing to be aware of the proper protocol to timely obtain appropriate care for Plaintiff.

26. Defendants consciously disregarded Plaintiff's rights by failing to make sure Plaintiff was assigned to a bottom bunk, even after having knowledge that he was at an increased risk of falling out of bed due to being prescribed Trileptal which has side effects such as weakness, drowsiness and dizziness.

27. Defendant, John Does 1-5 at all times relevant to this case, acted in his or her individual capacity and under the color of state law, with deliberate indifference to Plaintiff's serious medical needs by failing to ensure that its staff was properly trained and aware of emergency protocols and procedures. Defendant consciously disregarded this risk by failing to enact safety procedures and protocols to remedy the issue of inmates falling off of the top bunk

while they are asleep as a result of their prescribed medication in violation of Plaintiff's Eighth Amendment rights.

28. Defendant, ABC Companies 1-5 consciously disregarded Plaintiff's high risk of falling out of bed by failing to place Plaintiff in a bottom bunk and failing to put in place fall precautions in violation of Plaintiff's Eighth Amendment rights.

29. Defendants' failure to implement a policy to ensure Plaintiff was assigned to a bottom bunk due to his prescribed medication, was and is in deliberate indifference to Plaintiffs constitutional rights and violates the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

30. Defendants were, at all relevant times, employed by the State of New Jersey and acted under color of law to deprive Plaintiff constitutionally protected rights including, but not limited to, the right to be free of cruel and unusual punishment, guaranteed by the Eighth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment.

31. As direct and proximate result of defendants' willful, wanton, and/or negligent deprivations of Plaintiff's constitutional rights and violations of state and federal law, Plaintiff suffered serious injuries including but not limited to a fractured jaw in 3 places requiring 6 screws, 3 wires(plates), fractured cheek bones, nerve damage (may be permanent), 7-10 teeth cracked or chipped, one molar removed, stiches on lower left lip (inside and outside), stiches on the lower chin, a sprained ring finger, bruising and scarring, which caused excruciating pain and suffering.

**WHEREFORE**, Plaintiff demands judgment be entered in its favor and against the Defendants for: 1) general damages in an amount to be determined at trial; 2) punitive damages; 3)

attorneys' fees pursuant to 42 U.S.C. § 1988; 4) costs of suit herein; and 5) such other and further relief as the Court may deem proper.

## SECOND COUNT
### (Negligence and Gross Negligence)

32. Plaintiff hereby incorporates and realleges all prior paragraphs of this Amended Complaint as though fully set forth herein.

33. Defendants owed a duty to inmates, including Plaintiff, to protect their rights and safety pursuant to applicable federal and state law.

34. Defendants acted or failed to act in such a manner as to show a complete disregard for the rights and safety of Plaintiff by acting intentionally, recklessly, or with knowledge that such conduct had a high degree of probability of resulting in harm to Plaintiff, and in circumstances where appropriate action was clearly required, so as to indicate disregard of the consequences of their actions or inaction.

35. Defendants and their agents/employees were aware of widespread deficiencies in the care of Plaintiff and Defendants refused and/or failed to implement adequate measures to correct and prevent the recurrence of same.

36. Defendants were on notice of violations of state and federal laws, which violations placed inmates, including Plaintiff, in serious danger of injury and/or illness.

37. Defendants knowingly, willfully, and/or deliberately failed to properly hire, train, supervise and/or monitor staff, and failed to implement policies and procedures to correct institutional-wide problems.

38. Defendants were negligent and/or grossly negligent when they mishandled Plaintiff's sleeping arrangements and assigned him to a top bunk although he on medication that caused extreme drowsiness.

39. Defendants were negligent and/or grossly negligent when they assigned Plaintiff to the top bunk even after having knowledge that he was prescribed Paxil which is used to treat depression panic attacks, OCD, and anxiety disorders and has side effects such as weakness, drowsiness and dizziness.

40. Defendants were negligent and/or grossly negligent when they assigned him to the top bunk in the sleeping quarters even after having knowledge that he was prescribed Trileptal which is used to treat seizures and bipolar disorder and has side effects such as weakness, drowsiness and dizziness.

41. Defendants were negligent and/or grossly negligent with regard to how they responded to Plaintiff's incident on August 21, 2018.

42. Defendant Sade Bishop was negligent and/or grossly negligent when she stopped treating Plaintiff's wounds and placed him in a holding cell while he was in pain and still bleeding to determine proper protocol to follow to obtain timely and appropriate care.

43. Defendants were negligent and/or grossly negligent in the training of Sade Bishop, as she should have been aware of the proper protocol to follow to obtain timely and appropriate care.

44. Defendants were negligent and/or grossly negligent when Sade Bishop was unaware of the proper protocol in this type of incident and had to call around to other facilities to determine the proper and necessary steps to take with regard to Plaintiff, all while Plaintiff's wounds were left untreated and he was bleeding profusely.

45. Defendants were negligent and/or grossly negligent in assessing Plaintiff after the fall because initial chart notes date August 21, 2018 only states the Plaintiff complained of facial and nose pain and controlled bleeding from nose and mouth. However, upon a more thorough examination Plaintiff was found to have 1) a fractured jaw in 3 places requiring 6 screws, 3 wires (plates),

2) fractured cheek bones, 3) nerve damage (may be permanent), 4) 7-10 teeth cracked or chipped, 5) one molar removed, 6) injury to his lower lip requiring stiches (inside and outside),  7) injury to his chin requiring stiches, 8) a sprained ring finger, and 9) bruising and scarring.

46. Defendants acts and/or omissions were actuated by actual malice and/or accompanied by a wanton and willful disregard of foreseeable harm to Plaintiff by those acts and/or omissions.

47. As direct and proximate result of defendants' willful, wanton, negligent and/or grossly negligent acts or omissions, Plaintiff suffered permanent and serious injuries, including but not limited to, a fractured jaw in 3 places requiring 6 screws, 3 wires(plates), fractured cheek bones, nerve damage (may be permanent), 7-10 teeth cracked or chipped, one molar removed, stiches on lower left lip (inside and outside), stiches on the lower chin, a sprained ring finger, bruising and scarring, which caused excruciating pain and suffering.

**WHEREFORE**, Plaintiff demands judgment be entered in its favor and against the Defendants for: 1) general compensatory damages in an amount to be determined at trial; 2) punitive damages; 4) costs of suit herein; and 5) such other and further relief as the Court may deem proper.

### THIRD COUNT
### (Breached Duty of Care)

48. Plaintiff hereby incorporates and realleges all prior paragraphs of this Amended Complaint as though fully set forth herein.

49. Defendants breached their duty of care when they failed to ensure that its employees were trained and aware of the proper incident response protocol.

50. Defendants breached their duty of care when they failed to enact or correct safety procedures to prevent inmates who are on medication that caused dizziness or drowsiness from being assigned to the top bunk even after being aware of multiple prior falling incidents involving inmates.

51. As direct and proximate result of Defendants' breach of duty of care, Plaintiff suffered permanent and serious injuries, including but not limited to, a fractured jaw in 3 places requiring 6 screws, 3 wires(plates), fractured cheek bones, nerve damage (may be permanent), 7-10 teeth cracked or chipped, one molar removed, stiches on lower left lip (inside and outside), stiches on the lower chin, a sprained ring finger, bruising and scarring, which caused excruciating pain and suffering.

**WHEREFORE**, Plaintiff demands judgment be entered in its favor and against the Defendants for: 1) general damages in an amount to be determined at trial; 2) punitive damages; 3) costs of suit herein; and 5) such other and further relief as the Court may deem proper.

### RELIEF REQUESTED

**WHEREFORE**, Plaintiffs pray for relief and judgement against each of the Defendants as appropriate to each cause of action alleged and as appropriate to the particular standing of Plaintiffs, as follows:

   A. Compensatory damages and general damages in an amount that will conform to proof at time trial;

   B. Special damages in an amount within the jurisdiction of this Court and according to proof at the time of trial;

   C. Medical expenses, past and future, according to proof at the time of trial;

   D. For past and future mental and emotional distress, according to proof;

   E. For punitive or exemplary damages according to proof;

F.  Attorneys' fees;

G.  For costs of suit incurred herein;

H.  For pre-judgment interest as provided by law; and

I.  For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all of the triable issues within this Master Complaint.

**DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
*Attorneys for Plaintiff, Stephen Edward Glasser, Jr.*


By: _____s/ *Jeffrey D. Smith*_____
          Jeffrey D. Smith, Esq.

Dated: March 15, 2021