# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEPHEN EDWARD GLASSER, JR.<br><br>    Plaintiff,<br>v.<br><br>MID-STATE CORRECTIONAL FACILITY; STATE OF NEW JERSEY; NEW JERSEY DEPARTMENT OF CORRECTIONS; TRACEY SHIMONIS-KAMINSKI, SADE BISHOP, JOHN DOES (1-5) (fictitious names of unknown individuals) and ABC COMPANIES (1-5) (fictitious names of unknown entities).<br><br>    Defendant(s) | CASE NO.: 1:18-cv-17623-RMB-AMD<br><br>CIVIL ACTION |

---

## PLAINTIFF'S OPPOSITION TO DEFENDANTS MOTION TO DISMISS

---

                                          **DECOTIIS, FITZPATRICK, COLE & GIBLIN, LLP**
                                          *Attorneys for Plaintiff, Stephen Edward Glasser, Jr.*

Of Counsel:
Jeffrey D. Smith, Esq.

On the Brief:
Paul Miller, Esq.
Annamaria Squiccimarri, Esq.

i

**TABLE OF CONTENTS**

Page(s)

PRELIMINARY STATEMENT ...........................................................................................1

STATEMENT OF FACTS AND PROCEDURAL HISTORY .........................................2

LEGAL ARGUMENT .........................................................................................................3

POINT I ................................................................................................................................3

DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED BASED ON THE LIBERAL STANDARD OF REVIEW ...............................................................................3

POINT II ...............................................................................................................................4

DEFENDANTS' MOTION TO DISMISS MUST BE DENIED AS PLAINTIFF HAS PLED SUFFICIENT FACTS TO ESTABLISH CIVIL RIGHTS VIOLATIONS .......................4

    A.   Defendants' Had a Duty to Provide for the Safety and Well-Being of Plaintiff.......................4

    B.   Defendants violated Plaintiff's Eighth Amendment Right by acting with deliberate indifference to a substantial risk of serious harm................................................................5

    C.   Defendants Are Subject to Suit Under 42 U.S.C Section 1983 .................................6

    D.   Defendants Are Liable Under the New Jersey Civil Rights Act...............................7

POINT III ..............................................................................................................................8

THE ELEVENTH AMENDMENT DOES NOT BAR SUIT AGAINST GOVERNMENT OFFICIALS SUED IN THEIR PERSONAL CAPACITIES .............................................8

POINT IV ............................................................................................................................10

THERE IS NO NOTICE REQUIREMENT FOR CLAIMS ASSERTED UNDER THE NEW JERSEY CIVIL RIGHTS ACT .........................................................................................10

CONCLUSION ..................................................................................................................11

# **TABLE OF AUTHORITIES**

Page(s)

Cases

Barkes v. First Correctional Medical, Inc.,
    766 F.3d 307 (3d Cir. 2015) ................................................................................ 7

Bell Atlantic Corp. v. Twombly,
    550 U.S. 544 (2007) ...................................................................................... 3, 4

Colburn v. Upper Darby Township,
    838 F.2d 663 (3d Cir. 1988) ................................................................................ 3

Conley v. Gibson,
    355 U.S. 41 (1957) .............................................................................................. 3

DeShaney v. Winnebago County Dept. of Social Servs.,
    489 U.S. 189 (1989) ............................................................................................ 4

Estelle v. Gamble,
    429 U.S. 97 (1976) .............................................................................................. 5

Ex Parte Young,
    209 U.S. 123, (1908) ........................................................................................... 9

Farmer v. Brennan,
    511 U.S. 825 (1998) ........................................................................................ 5, 6

Felder v. Casey,
    487 U.S. 131 (1988) ........................................................................................... 10

Fowler v. UPMC Shadyside,
    578 F.3d 203 (3d Cir. 2009) ................................................................................ 3

Fox v. Bayside State Prison,
    726 F. App'x 865 (3d Cir. 2018) ..................................................................... 5, 6

Garden State Elec. Inspection Servs. v. Levin,
    144 F. App'x 247 (3d Cir. 2005) ......................................................................... 9

Hafer v. Melo,
    502 U.S. 21 (1991) .............................................................................................. 9

Helling v. McKinney,
    509 U.S. 25 (1993) .............................................................................................. 5

In re Warfarin Sodium,
    214 F.3d 395 (3d Cir. 2000) .................................................................................... 3

Kentucky v. Graham,
    473 U.S. 159 (1985) ................................................................................................ 9

Malleus v. George,
    641 F.3d 560 (3d Cir. 2011) .................................................................................... 6

Morgan v. District of Columbia,
    824 F. 2d 1049 (D.C. Cir. 1987) ............................................................................. 5

Owens v. Feigin,
    194 N.J. 607 (2008) .............................................................................................. 10

Phillips v. Cnty. Of Allegheny,
    515 F.3d 224 (3d Cir. 2008) .................................................................................... 3

Pittsburgh v. W. Penn Power Co.,
    147 F.3d 256 (3d Cir. 1998) .................................................................................... 4

Scheuer v. Rhodes,
    416 U.S. 232 (1974) ................................................................................................ 4

Semerenko v. Cendant Corp.,
    223 F.3d 165 (3d Cir. 2000) .................................................................................... 4

Taylor v. Barkes ,
    575 U.S. 822 (2015) ................................................................................................ 7

West v. Atkins,
    487 U.S. 42 (1988) .................................................................................................. 6

Youngberg v. Romeo,
    457 U.S. 307 (1982) ................................................................................................ 5

Statutes

N.J.S.A. 10:6-2(c) ............................................................................................................ 8

Rules

Fed.R.Civ.P. 12(b)(6) ...................................................................................................... 3

# PRELIMINARY STATEMENT

Plaintiff, Stephen E. Glasser, Jr. ("Plaintiff"), respectfully submits this opposition to Defendants' Mid-State Correctional Facility, State of New Jersey, New Jersey Department of Corrections, Tracey Shimonis-Kaminski, Sade Bishop, John Does (1-5), and ABC Companies (1-5) ("Defendants") motion to dismiss.

Plaintiff is a state prisoner currently incarcerated at Mid-State Correctional Facility in Wrightstown, New Jersey. On August 21, 2018, Plaintiff was involved in an incident where he fell off of his top bunk while he was sleeping and hit his face on the floor, resulting in severe injuries. Plaintiff was initially placed on a bottom bunk due to the side effects of the prescribed medication he was on. At some point prior to August 21, 2018, Plaintiff was relocated to a top bunk bed to accommodate another prisoner despite needing to remain on the bottom bunk due to the side effects of his prescribed medication. The medication causes serious side effects such as restlessness and drowsiness putting Plaintiff at a high risk for falls and falling out of bed.

This action arises under the United States Constitution, the Civil Rights Act pursuant to 42 U.S.C. § 1983 and the Eighth and Fourteenth Amendments to the United States Constitution, wherein Plaintiff seeks to redress deprivations by Defendants. Specifically, Plaintiff asserts that Defendants consciously disregarded Plaintiff's high risk of falling out of bed when they placed him on a top bunk despite knowing the serious side effects of his medication. Furthermore, Plaintiff asserts that Defendants failed to properly train their staff to respond in emergency situations and failed to be aware of the proper protocol to timely obtain the appropriate care for Plaintiff. Plaintiff alleges that as a direct and proximate result of defendants' willful, wanton, and/or negligent deprivations of Plaintiff's constitutional rights and violations of state and federal law, Plaintiff suffered severe injuries including, but not limited to a fractured jaw requiring six screws, three

wires, a fractured cheek bone, nerve damage which could be permanent, multiple teeth cracked and/or chipped, a molar removed, stitches on the lips and chin, bruising and scarring, and a sprained finger.

Defendants, in their motion to dismiss assert that they are immune from liability under the Eleventh Amendment and that Plaintiff's failure to provide a notice of claim bars recovery. These arguments are fundamentally flawed. Specifically, Defendants owe a duty to their inmates, including Plaintiff, to protect their rights and safety pursuant to applicable federal and state law. In this matter, it is alleged that Defendants failed to act in such a manner as to show a complete disregard for the rights and safety of Plaintiff by failing to assign him to the bottom bunk while he was taking medication that increases Plaintiff's risk of falling out of bed. Furthermore, the Eleventh Amendment immunity defense raised by Defendants in their motion to dismiss fails because Plaintiff has asserted valid claims under 42 U.S.C. § 1983, the New Jersey Civil Rights Act and the Eighth Amendment against Defendants in their personal capacity and also seek injunctive relief. Finally, there is no notice of claim requirement for causes of action brought under the New Jersey Civil Rights Act.

As such, it is respectfully submitted that the Court deny Defendants' motion to dismiss.

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiff, Stephen E. Glasser, Jr., respectfully submits this Statement of Facts in opposition to Defendants' motion to dismiss Plaintiff's complaint with prejudice.

1. On December 26, 2018, Plaintiff filed a complaint against the former Administrator of Mid-State Correctional Facility, Tracey Shimonis-Kaminski, and the third shift nurse, Sade Bishop (Jane Doe).

2.      On March 18, 2021, Plaintiff filed an amended Complaint naming Defendants Mid-State Correctional Facility, State of New Jersey, New Jersey Department of Corrections, Tracey Shimonis-Kaminski, Sade Bishop, John Does (1-5) and ABC Companies (1-5).

3.      On December 14, 2021, Defendants filed a motion for summary judgment in lieu of an Answer.

4.      Plaintiff now submits this opposition to Defendants' motion to dismiss.

## LEGAL ARGUMENT

### POINT I

**DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED BASED ON THE LIBERAL STANDARD OF REVIEW**

To sustain the dismissal of a complaint under Fed.R.Civ.P. 12(b)(6), the Court, "must take all the well pleaded allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the pleadings, the plaintiff may be entitled to relief. Colburn v. Upper Darby Township, 838 F.2d 663, 665 (3d Cir. 1988); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cnty. Of Allegheny, 515 F.3d 224, 231 (3d Cir. 2008). Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), while abrogating the decision in other respects). While a complaint attacked by a Fed. R. Civ. P. 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." Twombly, 550 at 555-556.  A complaint should be dismissed only if the alleged facts, taken as true, fail to state a claim. See In re Warfarin Sodium, 214 F.3d 395, 397-

98 (3d Cir. 2000). That is, a motion to dismiss should only be granted if the plaintiff is unable to articulate "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. The question is whether the claimant can prove any set of facts consistent with his or her allegations that will entitle him or her to relief, not whether that person will ultimately prevail. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Semerenko v. Cendant Corp., 223 F.3d 165, 173 (3d Cir. 2000). The court may consider the allegations of the complaint, as well as documents attached to or specifically referenced in the complaint and matters of public record. See Pittsburgh v. W. Penn Power Co., 147 F.3d 256, 259 (3d Cir. 1998) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed.1990)).

Here, as set forth below, Plaintiff has sufficiently pled valid claims under 42 U.S.C. § 1983, the New Jersey Civil Rights Act and the Eighth Amendment of the Constitution of the United States. As such, Defendants motion to dismiss must be denied.

## POINT II

**DEFENDANTS' MOTION TO DISMISS MUST BE DENIED AS PLAINTIFF HAS PLED SUFFICIENT FACTS TO ESTABLISH CIVIL RIGHTS VIOLATIONS**

**A.  Defendants' Had a Duty to Provide for the Safety and Well-Being of Plaintiff**

When the State takes a person into custody and holds them against their will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being. DeShaney v. Winnebago County Dept. of Social Servs., 489 U.S. 189, 199-200 (1989). When the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs - e. g., food, clothing, shelter, medical care, and reasonable safety - it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause. See

Estelle v. Gamble, 429 U.S. 97, 103-104 (1976); Youngberg v. Romeo, 457 U.S. 307, 315-316 (1982). In Helling v. McKinney, 509 U.S. 25, 33 (1993), the Court citing prior precedent, stated that, "[t]he Eighth Amendment requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety'" and that "[i]t is cruel and unusual punishment to hold convicted prisoners in unsafe conditions. Id.

The affirmative duty to protect arises not from the State's knowledge of the individual's predicament or from its expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf. See Estelle v. Gamble, supra, at 103 ("An inmate must rely on prison authorities to treat his medical needs; if the authorities fail to do so, those needs will not be met"). Having incarcerated the individuals, stripped them of all means of self-protection, and foreclosed access to private aid, the state is constitutionally required to provide prisoners with some protection from the dangers to which they are exposed. Morgan v. District of Columbia, 824 F. 2d 1049, 1057 (D.C. Cir. 1987).

Here, Plaintiff is an inmate who has been stripped of all means of self-protection. Plaintiff is completely reliant upon Defendants to ensure his safety. Plaintiff did not have the option to choose which bunk he would be assigned. As such, Defendants had a duty to take all reasonable actions to provide for Plaintiff's safety and well-being. Defendants failure to do so was a violation of Plaintiff's rights.

**B.    Defendants violated Plaintiff's Eighth Amendment Right by acting with deliberate indifference to a substantial risk of serious harm**

An official's deliberate indifference to an individual's constitutional rights provides a basis for relief under 42 U.S.C. § 1983. Fox v. Bayside State Prison, 726 F. App'x 865, 829 (3d Cir. 2018). A prison official's deliberate indifference to a substantial risk of serious harm to an inmate violates the Eighth Amendment. Farmer v. Brennan, 511 U.S. 825, 834 (1998). To state an Eighth

5

Amendment failure-to-protect claim, a prisoner must allege that (1) he faced a "substantial risk of serious harm" and (2) the named prison officials acted with "deliberate indifference" in failing to take reasonable measures to abate it. Id. at 828; see also Fox, at 868.

In this matter, Plaintiff was prescribed Trileptal and Defendants were aware of the serious side effects caused by Plaintiff's prescribed medication including sedation, dizziness and weakness. Upon information and belief, the infirmary had a posted sign, that was taken down, which stated that inmates taking medications that cause dizziness should be placed on the bottom bunk. Defendants' failure to implement and/or maintain this policy to ensure Plaintiff was assigned to a bottom bunk due to his prescribed medication, was and is, deliberate indifferent to Plaintiff's well-being, and violated the prohibition against cruel and unusual punishment under the Eighth Amendment to the United States Constitution.

As such, Defendants' motion to dismiss should be denied.

**C. Defendants Are Subject to Suit Under 42 U.S.C Section 1983**

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

A supervisor may be liable under Section 42 U.S.C. § 1983 for his or her own misconduct. <u>Barkes v. First Correctional Medical, Inc.</u>, 766 F.3d 307, 319-20 (3d Cir. 2015) <u>rev'd on other grounds</u> by <u>Taylor v. Barkes</u>, 575 U.S. 822 (2015). To hold a supervisor liable under § 1983 for an Eighth Amendment violation, a plaintiff must identify a supervisory policy or procedure that the supervisor defendant failed to implement, and prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory procedure. <u>Id.</u>

Here, Defendant, Shimonis-Kaminski, as administrator of Mid-State Correctional Facility, had control over all aspects of Plaintiff's safety and implementation of policies and protocols in the facility. Furthermore, she had a duty to promulgate polices and training that would prevent Plaintiff from suffering injuries as alleged in the Amended Complaint. Defendant, Shimonis-Kaminski failed to implement a policy requiring medicated patients at increased risk for falling be assigned to bottom bunk. Upon information and belief, Defendants were aware of the need for the policy as there had been a posted sign in the infirmary instructing medicated inmates to be assigned to the bottom bunk but for unknown reasons was taken down. Defendant, Shimonis-Kaminski was indifferent to the risk of medicated inmates, including Plaintiff, from falling out of bed and the failure to implement and/or maintain the policy resulted in substantial injury to Plaintiff.

Thus, Defendant, Shimonis-Kaminski is liable under § 1983 for an Eighth Amendment violation.

**D.    Defendants Are Liable Under the New Jersey Civil Rights Act**

The New Jersey Civil Rights Act was adopted for the broad purpose of assuring a state law cause of action for violations of state and federal constitutional rights and to fill in any gaps in

state statutory anti-discrimination protection. Id. Pursuant to the New Jersey Civil Rights Act, N.J.S.A. 10:6-2(c), a remedy is provided for any person who demonstrates that he or she,

> has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law.

Id. Similar to claims under 42 U.S.C. § 1983, the elements under the New Jersey Civil Rights Act are as follows: (1) proof that substantive rights are conferred upon plaintiff by the Constitution or laws of the state; (2) deprivation of such rights by defendants; and (3) proof that defendants were acting under color of law. Id.

Here, as stated above, Defendants, while acting in their official capacity, under the color of law, had a duty to provide for Plaintiff's safety and well-being pursuant to the Eighth Amendment of the United States Constitution.  Defendants deprived Plaintiff of his rights when they were indifferent to his well-being by failing to assign him to a bottom bunk when he was at increased risk for falling out of bed.  Moreover, Defendants were not aware of protocols to provide timely treatment to plaintiff after he sustained severe trauma to his face and teeth.

As such, Plaintiff has set forth sufficient facts to maintain a claim under the New Jersey Civil Rights Act, N.J.S.A. 10:6-2(c) and therefore, Defendants' motion must be dismissed.

## POINT III

### THE ELEVENTH AMENDMENT DOES NOT BAR SUIT AGAINST GOVERNMENT OFFICIALS SUED IN THEIR PERSONAL CAPACITIES

The Eleventh Amendment does not bar suits for damages against government officials sued in their *personal capacities*. In personal capacity suits, a plaintiff seeks to impose personal liability upon an individual officer and recover from the personal assets of that officer. Therefore, the

8

Eleventh Amendment is not implicated because the State is not the real party in interest." <u>Garden State Elec. Inspection Servs. v. Levin</u>, 144 F. App'x 247, 251 (3d Cir. 2005) (citing <u>Kentucky v. Graham</u>, 473 U.S. 159, 165 (1985)). Furthermore, it has long been held that state officials in his or her official capacity, when sued for injunctive relief, is a 'person' under § 1983 because 'official capacity actions for prospective relief are not treated as actions against the State.' <u>Ex Parte Young</u>, 209 U.S. 123, (1908). Following this precedent, courts have held that personal liability may arise under 42 U.S.C. § 1983 even if the conduct at issue was undertaken in an "official" capacity. <u>Hafer v. Melo</u>, 502 U.S. 21, 28-29 (1991).

Here, Defendant, Shimonis-Kaminski had control over all aspects of Plaintiff's safety and implementation of policies and protocols in the facility. Furthermore, she had an obligation to promulgate polices and training that would prevent Plaintiff from suffering injuries as alleged in the Amended Complaint. Defendant, Shimonis-Kaminski's failure to provide for the Plaintiff's well-being created an environment that was unsafe.

Similarly, Defendant Bishop had a duty to protect Plaintiff and ensure inmates, including Plaintiff were provided timely and effective medical treatment. Defendant Bishop was deliberately indifferent to Plaintiff's medical well-being and his pain and suffering. After the incident on August 21, 2018, Plaintiff was sent to the infirmary staffed by Defendant Bishop. Ms. Bishop left Plaintiff in a holding cell while he was in excruciating pain and bleeding profusely. Upon information and belief, Defendant, Bishop left Plaintiff to determine what the protocol was to obtain the appropriate care for Plaintiff. Defendant Bishop's failure to familiarize herself with the protocols prior to this incident reflects her deliberate indifference to providing for the well-being of the inmates, including Plaintiff, who were sent to the infirmary with serious injuries.

9

# POINT IV

### THERE IS NO NOTICE REQUIREMENT FOR CLAIMS ASSERTED UNDER THE NEW JERSEY CIVIL RIGHTS ACT

The Supreme Court of New Jersey held that the 90-day notice of claim requirement under the New Jersey Torts Claims Act does not apply to causes of action brought under the New Jersey Civil Rights Act. Owens v. Feigin, 194 N.J. 607 (2008). The United States Supreme Court held that "a state court may not decline to hear an otherwise properly presented federal claim because that claim would be barred under a state law requiring timely filing of notice. State courts simply are not free to vindicate the substantive interests underlying a state rule of decision at the expense of the federal right." Felder v. Casey, 487 U.S. 131 (1988). Thus, notice of claim, or lack thereof, has no effect on a viable § 1983 cause of action. Id.

Here, it is clear that Plaintiff's constitutional rights have been deprived by Defendants' who were indifferent to Plaintiff's health and safety. Defendant's application of the Torts Claims Act is misplaced because there is no 90-day notice of claim requirement for matters brought under the Civil Rights Act. The Supreme Court of New Jersey held that the Civil Rights Act's purpose includes "rectifying violations of constitutional rights, the protection of which has never depended on the satisfaction of the Torts Claims Act's procedural and substantive requirements." Owens, at 613.

## CONCLUSION

For the reasons set forth above, it is respectfully submitted that Defendants' motion to dismiss Plaintiff's complaint with prejudice be denied.

Respectfully submitted,

/s/ Paul J. Miller
Paul J. Miller, Esq.
Jeffrey D. Smith, Esq.
Annamaria Squiccimarri, Esq.
DECOTIIS, FITZPATRICK, COLE &
GIBLIN, LLP
61 South Paramus Road, Suite 250
Paramus, New Jersey 07652
Tel: (201 928-1100
*Attorneys for Plaintiff, Stephen Edward Glasser, Jr.*

Dated:   February 22, 2022