ECF 23

<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| STEPHEN EDWARD GLASSER JR,: <br> Plaintiff <br> v. <br> MID-STATE CORR. FACILITY, et al., <br> Defendants | CIV. NO. 18-17623 (RMB-EAP) <br><br> **OPINION** |

APPEARANCES:

Jeffrey D. Smith, Esq.
Paul Jason Miller, Esq.
Annamaria Squiccimarri, Esq.
DeCotiis, Fitzpatrick & Cole LLP
Glenpoint Centre West
500 Frank W. Burr Blvd.
Teaneck, NJ 07666

    On behalf of Plaintiff

Jordynn Jackson, Deputy Attorney General
Office of the Attorney General
124 Halsey Street, 5th floor
PO Box 45029
Newark, NJ 07101

    On behalf of Defendants Mid-State Correctional Facility, New Jersey Department of Corrections and State of New Jersey

BUMB, United States District Judge

This matter comes before the Court upon the motion for summary judgment (Defs' Mot. for Summ. J., Docket. No. 23) by Defendants Mid-State Correctional Facility, New Jersey Department of Corrections and State of New Jersey (collectively the "State Defendants"); and Plaintiff's brief in opposition to the State Defendants' motion for summary judgment ("Pl's Opp. Brief," Docket No. 28.) The Court will determine the motion on the briefs, without oral argument, pursuant to Federal Rule of Civil Procedure 78(b). For the reasons discussed below, the Court will grant in part and deny in part summary judgment to the State Defendants.

## I.     PROCEDURAL HISTORY

Plaintiff, incarcerated in Mid-State Correctional Facility, initiated this action pro se by filing a civil rights complaint on December 26, 2018, against Administrator Tracey Shimonis-Kaminski[1] and Nurse Jane Doe. (Compl., Docket No. 1.) Plaintiff failed to sign the complaint, and his application to proceed *in forma pauperis* under 28 U.S.C. § 1915(a) was not properly completed. Therefore, the Court administratively terminated this matter, subject to reopening. (Opinion, Docket No. 3.) First, however, the Court screened the complaint for dismissal pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c)(1), and dismissed the Eighth Amendment conditions of confinement claim under 42 U.S.C. § 1983 against Administrator Shimonis-Kaminski, finding that: (1) in general, sleeping in a top bunk over a concrete floor does not pose

---

[1] According to the State Defendants, Tracey Shimonis-Kaminski is a former administrator of Mid-State Correctional Facility. (State Defs' Brief, Docket No. 23-2 at 17.)

such a grave risk of injury as to violate the Eighth Amendment; (2) Plaintiff failed to allege the number of instances within a particular time frame that other inmates fell out of top bunks and sustained serious injuries, so as to put the defendants on notice of the grave risk of injury; and (3) Plaintiff failed to identify a specific policy that Shimonis-Kaminski should have put in place to prevent injuries to inmates from falling out of top bunks. (Opinion, Docket No. 3.) Upon reopening this action with submission of a properly signed complaint and IFP application, the Court permitted the Eighth Amendment inadequate medical care claim to proceed against an unnamed nurse who allegedly left Plaintiff in a holding cell while he was bleeding profusely. The Court also noted that Plaintiff had not specifically alleged any tort claims against the defendants under New Jersey state law. (*Id.*)

After Plaintiff's several attempts at curing the deficiencies in his IFP application and complaint, on April 20, 2020, this Court appointed pro bono counsel to Plaintiff. (Order, Docket No. 13.) On March 15, 2021, pro bono counsel filed an amended complaint on Plaintiff's behalf. (Am. Compl., Docket No. 18.)[2] On December 14, 2021, the State Defendants filed their present motion for summary judgment, and Plaintiff filed a brief in opposition to summary judgment on February 22, 2022. (Docket Nos. 23 and 28, respectively.)[3]

---

[2] On May 9, 2019, the Court denied without prejudice Plaintiff's application to proceed *in forma pauperis* because he failed to submit a signed prisoner civil rights complaint. (Order, Docket No. 7.) The Court, having received a signed amended complaint and a properly completed IFP application, grants Plaintiff's IFP application under 28 U.S.C. § 1915.

[3] Nurse Jane Doe, identified in the amended complaint as Sade Bishop, did not join the

3

## II.    THE AMENDED COMPLAINT

The allegations in the amended complaint, relevant to the State Defendants, are as follows. (Am. Compl., Docket No. 18, ¶¶ 1-51.) Plaintiff is incarcerated in Mid-State Correctional Facility, within the New Jersey Department of Corrections, State of New Jersey. Plaintiff was assigned to sleep in a bottom bunk because he was prescribed Trileptal (a seizure medication), and Paxil (a depression and anxiety medication), which cause side effects including restlessness and drowsiness, putting him at high risk for falling out of bed. At some time prior to August 21, 2018, Plaintiff was reassigned to a top bunk to accommodate another prisoner in his bottom bunk, despite Plaintiff's continued use of medications that put him at high risk of falling out of bed. On August 21, 2018, Plaintiff was sleeping in a top bunk and fell out of bed, landing on his face on the concrete floor and causing severe injuries, including a broken jaw. Nurse Sade Bishop attempted to clean Plaintiff's wounds, but while he was bleeding profusely, she placed him in a holding cell while she called other facilities to seek guidance on what to do.

In the amended complaint, Plaintiff alleges the following against Mid-State Correctional Facility Administrator Shimonis-Kaminski:

> 23.  Defendant, Tracey Shimonis-Kaminski at all times relevant to this case, acted in her individual capacity and under the color of state law, with deliberate indifference to Plaintiff's serious medical needs by failing to make sure that Plaintiff was placed on a lower bunk in the sleeping quarters.

---

motion for summary judgment. It does not appear that she has been served with process. Therefore, this Court will issue a Notice of Call for Dismissal under Federal Rule of Civil Procedure 4(m) as to Defendant Sade Bishop.

> 24. Defendant Shimonis-Kaminski consciously disregarded Plaintiff's rights by failing to enact and/or implement a policy to reduce the number of inmates who sustain injuries after falling from bed, and failing to make sure staff is properly trained regarding the proper procedure during emergencies such as the incident that occurred with Plaintiff on August 21, 2018.

(Am. Compl., Docket No. 18, ¶¶ 23, 24.)

### III. DISCUSSION

#### A. Rule 12(b)(6) Motion to Dismiss and Rule 56 Summary Judgment Standards

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556.) Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. *Id.* Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* If "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

The State Defendants brought their motion as one for summary judgment under Rule 56, because they have presented matters outside the pleadings, the certification of Peter Ramos in support of their allegation that Plaintiff never filed a notice of tort claim under New Jersey law. (Certification of Peter Ramos, Docket No. 23-5 at 14-15.) Summary Judgment is proper where the moving party "shows that there is no genuine dispute as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Daubert v. NRA Group, LLC*, 861 F.3d 382, 388 (3d Cir. 2017). The burden then shifts to the nonmovant to show, beyond the pleadings, "'that there *is* a genuine issue for trial." *Id.* at 391 (quoting *Celotex Corp. v. Catrett*, 447 U.S. 317, 324 (1986) (emphasis in *Daubert*)). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing Fed. Rule Civ. Proc. 56(c)). "'[A] dispute about a material fact is 'genuine' if the evidence is sufficient to permit a reasonable jury to return a verdict for the non-moving party.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011)).

B. **Eleventh Amendment Immunity Under 42 U.S.C. § 1983**

Based on sovereign immunity under the Eleventh Amendment, the State Defendants seek dismissal of Plaintiff's § 1983 claims against Mid-State Correctional Facility, New Jersey Department of Corrections, State of New Jersey, and Administrator Shimonis-Kaminski in her official capacity. (State Defs' Brief, Docket. No. 23-2 at 7-14.) Plaintiff does not oppose dismissal of his claims for money damages

6

against the State Defendants in their official capacities but submits that Defendant Shimonis-Kaminski may be sued for injunctive relief in her official capacity and for money damages in her personal capacity. (Plaintiff's Opp. Brief, Docket No. 28 at 13.)

### 1.     *Standard of Law*

The Eleventh Amendment provides sovereign immunity to States in federal courts, regardless of the type of relief sought. *Pennhurst State School and Hospital v. Halderman ("Pennhurst")*, 465 U.S. 89, 98 (1984).  States may consent to suit or Congress may abrogate Eleventh Amendment immunity, but must do so unequivocally.  *Id.* at 99.  "[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Id.* at 100. Congress did not abrogate sovereign immunity under 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). "The State of New Jersey has not waived its sovereign immunity with respect to § 1983 claims in federal court." *Mierzwa v. United States*, 282 F. App'x 973, 976 (3d Cir. 2008) (citation omitted).

"The Eleventh Amendment [also] bars a suit against state officials when 'the state is the real, substantial party in interest.'" *Pennhurst*, 465 U.S. at 101 (citations omitted). "[A] suit against state officials that is in fact a suit against a State is barred regardless of whether it seeks damages or injunctive relief." *Id.* at 102. An exception to this rule exists where "a plaintiff sues a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief." *Id.* at 102–03 (citing *Edelman v. Jordan*, 415 U.S. 651, 666-67 (1974)).

### 2. *Analysis*

Plaintiff does not oppose dismissal of his § 1983 claims for money damages based on Eleventh Amendment immunity against Defendants Mid-State Correctional Facility, New Jersey Department of Corrections, State of New Jersey and Administrator Shimonis-Kaminski in her official capacity. The Court will dismiss such claims with prejudice as to Defendants Mid-State Correctional Facility, New Jersey Department of Corrections and State of New Jersey. Plaintiff may seek prospective injunctive relief against Administrator Shimonis-Kaminski in her official capacity under § 1983, but the amended complaint does not specifically seek such relief.

### C. Failure to State an Eighth Amendment Claim Against Administrator Shimonis-Kaminski in Her Individual Capacity

The State Defendants argue that Plaintiff failed to allege a cognizable Eighth Amendment claim against Administrator Shimonis-Kaminski in her personal/individual capacity because Plaintiff failed to allege that she:

> had any knowledge of any allegedly deficient policy of the New Jersey Department of Corrections, that she was actually aware of any deficient training, or that she was actually the person who directed [Plaintiff] placed on the top bunk.

(State Defs' Brief, Docket No. 23-2 at 15-16.)

In opposition, Plaintiff asserts as follows:

> Defendant, Shimonis-Kaminski, as administrator of Mid-State Correctional Facility, had control over all aspects of Plaintiff's safety and implementation of policies and protocols in the facility. Furthermore, she had a duty to promulgate polices and training that would prevent Plaintiff from suffering injuries as alleged in the Amended Complaint. Defendant, Shimonis-Kaminski failed to implement a policy

>> requiring medicated patients at increased risk for falling be assigned to bottom bunk. Upon information and belief, Defendants were aware of the need for the policy as there had been a posted sign in the infirmary instructing medicated inmates to be assigned to the bottom bunk but for unknown reasons was taken down. Defendant, Shimonis-Kaminski was indifferent to the risk of medicated inmates, including Plaintiff, from falling out of bed and the failure to implement and/or maintain the policy resulted in substantial injury to Plaintiff.

(Pl's Opp. Brief, Docket No. 28 at 11.)

### 1.  *Standard of Law*

Supervisors are not vicariously liable for the constitutional violations of their employees. *Iqbal*, 556 U.S. at 676. "To hold a supervisor liable for … an Eighth Amendment violation, the plaintiff must identify a supervisory policy or procedure that the supervisor defendant failed to implement, and prove that: (1) the policy or procedures in effect at the time of the alleged injury created an unreasonable risk of a constitutional violation; (2) the defendant-official was aware that the policy created an unreasonable risk; (3) the defendant was indifferent to that risk; and (4) the constitutional injury was caused by the failure to implement the supervisory procedure. *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 330 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015) (citing *Brown v. Muhlenberg Tp.*, 269 F.3d 205, 216 (3d Cir. 2001) (discussing *Sample v. Diecks*, 885 F.2d 1099, 1118 (3d Cir. 1989)).

### 2.  *Analysis*

Plaintiff alleged in his brief, but not in his amended complaint, that based on a sign that had been in the prison infirmary but was removed, Administrator Shimonis-

Kaminski was aware of the need for a policy to assign medicated inmates who were at increased risk of falling to a lower bunk. Without more, the appearance of such a sign in the infirmary is insufficient to establish Administrator Shimonis-Kaminski's awareness of a need for such a policy. Moreover, Plaintiff has not alleged facts in the amended complaint suggesting that Administrator Shimonis-Kaminski was aware, by a pattern of similar incidents or otherwise, that the lack of a policy to assign and maintain in bottom bunks those inmates who were at increased risk of falling due to their medications created an unreasonable risk of serious injury that she failed to address. Therefore, the Court will dismiss this claim against Administrator Shimonis-Kaminski without prejudice.

The parties have focused on Administrator Shimonis-Kaminski's liability for failure to institute a lower bunk assignment policy, but Plaintiff has also alleged that Administrator Shimonis-Kaminski failed to train staff on how to handle medical emergencies, resulting in Sade Bishop placing Plaintiff in a holding cell while he was bleeding profusely from his injuries, while she called other facilities for instructions. Plaintiff has not alleged a similar pattern of constitutional violations by untrained employees, and, therefore, must rely on "single incident" liability to establish deliberate indifference to a constitutional injury. *See*, *Thomas v. Cumberland Cnty.*, 749 F.3d 217, 223 (3d Cir. 2014) (describing supervisory liability under § 1983 for failure to train or supervise). "[I]n certain situations, the need for training 'can be said to be 'so obvious,' that failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights' even without a pattern of constitutional violations. *Id.* (quoting

*City of Canton, Ohio*, 489 U.S. at 390 n. 10.) One such situation was found to exist where city policymakers knew police officers would be required to arrest fleeing felons. *Id.* Thus, it was obvious that training in the use of deadly force was required. *Id.* "Liability in single-incident cases depends on '[t]he likelihood that the situation will recur and the predictability that an officer lacking specific tools to handle that situation will violate citizens' rights.'" *Id.* at 223-24 (quoting *Bd. of Cnty. Comm'rs of Bryan Cnty., Okl. v. Brown*, 520 U.S. 397, 409 (1997).

Plaintiff alleges that he suffered severe injuries to his jaw, teeth and face that caused him to bleed profusely, and Sade Bishop reacted by leaving him in a holding cell while she called other facilities for instructions on how to handle the situation. Serious inmate injuries are the type of incident that are likely to recur, and if prison staff lack the specific tools to handle medical emergencies, an administrator who fails to train staff in obtaining emergency medical treatment may be deliberately indifferent to a constitutional injury. Therefore, this claim may proceed against Administrator Shimonis-Kaminski.

        **D.**      **Failure to File a Notice of Tort Claim Under N.J.S. 59:8-3**

The State Defendants seek dismissal of Plaintiff's state law tort claims for failure to serve a notice of tort claim within 90 days of accrual pursuant to N.J.S. 59:8-3. (State Defs' Brief, Docket No. 23-2 at 17-19.) Plaintiff responded by asserting that the 90-day notice of claim requirement under the New Jersey Tort Claims Act ("NJTCA") does not apply to causes of action brought under the New Jersey Civil Rights Act ("NJCRA"). (Docket No. 28 at 14, citing *Owens v. Feigin*, 194 N.J. 607 (2008)). Plaintiff

11

does not acknowledge that he pled any claim under the NJTCA.

The New Jersey Civil Rights Act, on the other hand, provides, in relevant part:

> Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State, or whose exercise or enjoyment of those substantive rights, privileges or immunities has been interfered with or attempted to be interfered with, by threats, intimidation or coercion by a person acting under color of law, may bring a civil action for damages and for injunctive or other appropriate relief.

N.J.S. § 10:6-2(c).

Nowhere in the amended complaint does Plaintiff mention the NJCRA. "This district has repeatedly interpreted NJCRA analogously to § 1983," thus, the elements are similar, if not identical to § 1983 claims. *Trafton v. City of Woodbury*, 799 F. Supp. 2d 417, 443 (D.N.J. 2011) (collecting cases). The second and third counts in the amended complaint are titled "Negligence and Gross Negligence" and "Breach of Duty of Care," respectively, and do not allege violation of a constitutional right. It appears to this Court that these counts allege state tort claims for negligence rather than civil rights violations under the federal and New Jersey constitutions. Plaintiff may allege a violation of the NJCRA, but he has not done so in the amended complaint. Plaintiff has alleged negligence claims, which fall under the NJTCA, N.J.S. 59:1 *et seq.*

The State Defendants have provided the Certification of Peter Ramos, Supervisor of Claims, Division of Risk Management, Department of Transportation, State of New Jersey, who certifies that he searched that appropriate files and did not

find any tort claim notice from Plaintiff regarding the incident alleged in the amended complaint, which allegedly occurred on August 21, 2018. (Certification of Peter Ramos, Docket No. 23-5 at 14.15.) Plaintiff has not disputed the fact that he never submitted a tort claim notice.

      1.    *Standard of law*

Prior to bringing a tort claim against a public entity or public employee in New Jersey, the NJTCA requires a plaintiff to first provide the appropriate public entity with notice of the claim(s). N.J.S. § 59:8-3. The notice must be filed with the appropriate public entity within ninety days of accrual of the claim(s) or the claimant will be "forever barred" except in limited circumstances. N.J.S. § 59:8-8(a). "A claim accrues on the date of the accident or incident that gives rise to any injury…." *Beauchamp v. Amedio*, 164 N.J. 111, 123 (2000). If a plaintiff fails to file a notice of claim within ninety days, the claimant may request leave from a court to file a late notice, within one year of the incident giving rise to his/her claim. N.J.S. § 59:8-9. Upon expiration of the one-year period, a court may not relieve the claimant from his failure to file a timely notice of claim. *Iaconianni v. N.J. Turnpike Auth.*, 236 N.J. Super. 294, 298 (App. Div. 1989), *certif. denied*, 121 N.J. 592 (1990).

      2.    *Analysis*

Plaintiff alleges that Defendants' conduct caused his injury on August 21, 2018. (Am. Compl., Docket No. 18, ¶¶16, 17.) Plaintiff was required to file a notice of tort claim with the appropriate public entity by November 19, 2018, or to seek permission to file a late notice within one year of August 21, 2018. It is undisputed that Plaintiff failed

to do so. Therefore, the Court will grant summary judgment to the State Defendants on counts two and three of the amended complaint.

## V. CONCLUSION

For the reasons discussed above, this Court will grant in part and deny in part the State Defendants' motion for summary judgment. The Court will further issue a Notice of Call for Dismissal as to Defendant Sade Bishop, for failure to serve process under Federal Rule of Civil Procedure 4(m).

An appropriate Order follows.

Date:  July 28, 2022            s/Renée Marie Bumb
                                RENÉE MARIE BUMB
                                United States District Judge